| | |
|---|---|
| **OLD GUARD INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251**<br><br>**PLAINTIFF**<br>v.<br><br>**ANKER INNOVATIONS TECHNOLOGY**<br>**CORPORATION**<br>**400 108TH AVE NE**<br>**BELLEVUE, WA 98004**<br>**UNITED STATES OF AMERICA**<br><br>**DEFENDANT** | **CIVIL ACTION NO.**<br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

## COMPLAINT

Plaintiff, Old Guard Insurance Company, by and through its undersigned counsel, hereby demands judgment against the Defendant, Anker Innovations Co. LTD. ("Anker"), and complains against them as follows:

## PARTIES

1. Plaintiff is a commercial entity organized and existing under the laws of the State of Ohio, with its principal place of business located at One Park Circle, Westfield Center, Ohio 44251.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of property insurance in Tennessee.

3. At all times relevant hereto, Plaintiff provided property insurance to Beacon Financial Credit Union (hereinafter "Beacon") in connection with the property located at 207 E. Main Street, Johnson City, Tennessee 37604-5747 (hereinafter the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

4. In the wake of the fire damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), Plaintiff became subrogated to certain recovery rights and interests of Beacon for monies paid thereunder, including the claims giving rise to the within cause of action.

5. Upon information and belief, Anker is a limited liability company organized under the laws of Delaware with its principal place of business located at 400 108th Ave. NE, Bellevue, Washington 98004. At all times relevant to this matter, Anker was engaged in the business of, *inter alia,* designing, manufacturing, marketing, selling, and distributing the 16000 AH Astro E5 External Battery ("the subject battery pack") and other products.

## JURISDICTION

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court exclusive of interest and costs in excess of $75,000.00.

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

9. At all times relevant hereto, Beacon was the owner of the subject property and rented a third-floor office space to Thomas and Litton, an architectural firm.

10. On or about April 29, 2022, the subject battery pack was in a closet in the Thomas and Litton office space when it malfunctioned, catastrophically failed and caused a fire that led to extensive damage to Beacon's property, as well as the imposition of additional expenses and

hardship besides, which was directly and proximately caused by the Defendant as further more fully described below.

11. Plaintiff reimbursed Beacon for such damages in accord with the terms and conditions of their aforementioned insurance policies, and now seek reimbursement hereunder for such damages against the responsible parties.

## **COUNT I – STRICT LIABILITY**

12. Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

13. Defendant is engaged, and at all times relevant hereto was engaged, in the business of marketing, distributing, delivering, assembling and/or selling, *inter alia*, the 16000 AH Astro E5 External Battery.

14. Defendant marketed, distributed, delivered, assembled and/or sold the subject battery pack in a defective condition, unreasonably dangerous to foreseeable users and property owners, including Beacon.

15. Defendant knew or should have known that the subject battery pack would reach Beacon's property without substantial change from the condition in which it was sold.

16. The subject product did reach Beacon's property without substantial change from the condition in which it was sold.

17. The aforementioned defects consisted of:

    a. design defects;
    b. manufacturing defects;
    c. component defects;
    d. a failure to warn of the design, manufacturing and/or component defects;
    e. installation defects; and/or
    f. a failure to properly instruct as to the appropriate operating and maintenance procedures for safe use of the subject battery pack.

18. For these reasons, Defendant is strictly liable to Plaintiff for its damages under the Tennessee Product Liability Act, TN ST § 29-28-101 *et al*.

19. As a direct and proximate result of the aforementioned defects, Beacon sustained damages to its property.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $366,000, plus costs incident to this suit, prejudgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE

20. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a. failing to exercise reasonable care in the following manner:

        i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning battery pack;
        ii. failing to properly inspect and/or test the subject battery pack and/or its component parts;
        iii. failing to properly determine that the subject battery pack and/or its component parts were not in compliance with applicable standards;
        iv. failing to provide safe and adequate warnings or instructions with the subject battery pack; and/or
        v. designing, manufacturing, marketing, distributing and/or selling the subject battery pack when Defendant knew or should have known that the subject battery pack and/or its component parts would be inadequate for the reasons for which it was purchased.

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn Beacon and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

g. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

21. As a direct and proximate result of the aforementioned actions, Beacon suffered damages to its property.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $366,000, plus costs incident to this suit, prejudgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted, this 18th day of MAY, 2023.

BUTLER, VINES AND BABB, PLLC

By: s:\Edward U. Babb
EDWARD U. BABB, BPR #013707
Attorneys for Plaintiff
2701 Kingston Pike
Knoxville, TN 37919
(865) 637-3531-Ofc
(865) 244-3932-Direct
(865) 637-3385-Fax
Email: ebabb@bvblaw.com

## COST BOND

We, the undersigned, acknowledge ourselves as Surety for costs of the clerk adjudged in this matter.

BUTLER, VINES AND BABB, PLLC

By: s:\Edward U. Babb
Edward U. Babb, Esq.